CENTER FOR DISABILITY ACCESS
Ray Ballister, Jr., Esq., SBN 111282
Mark Potter, Esq., SBN 166317
Phyl Grace, Esq., SBN 171771
Dennis Price, SBN 279082
Teresa Allen, SBN 264865
Mail: PO Box 262490
San Diego, CA 92196-2490
Delivery: 9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385; (888) 422-5191 fax
phylg@potterhandy.com

Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Pamela Koussa**, | Case No. |
| Plaintiff, | **Complaint For Damages And Injunctive Relief For Violations Of**: American's With Disabilities Act; Unruh Civil Rights Act |
| v. | |
| **Napa Tire, Inc.,** a California Corporation; and Does 1-10, | |
| Defendants. | |

Plaintiff Pamela Koussa complains of Napa Tire, Inc., a California Corporation and Does 1-10 ("Defendants"), and alleges as follows:

**PARTIES:**

1.  Plaintiff is a California resident with physical disabilities. She is paralyzed from the waist down. She uses a wheelchair for mobility.

2.  In August 2016, Defendant Napa Tire, Inc., a California Corporation, owned the real property located at or about 1655 Silverado Trail, Napa, California.

1

Complaint

3.   Currently, Defendant Napa Tire, Inc., a California Corporation, owns the real property located at or about 1655 Silverado Trail, Napa, California.

4.   In August 2016, Defendant Napa Tire, Inc., a California Corporation, owned the Napa Tire, Inc. (Napa Tire) located at or about 1655 Silverado Trail, Napa, California.

5.   Currently, Defendant Napa Tire, Inc., a California Corporation, owns the Napa Tire, Inc. (Napa Tire) located at or about 1655 Silverado Trail, Napa, California.

6.   Plaintiff does not know the true names of Defendants, their business capacities, their ownership connection to the property and business, or their relative responsibilities in causing the access violations herein complained of, and alleges a joint venture and common enterprise by all such Defendants. Plaintiff is informed and believes that each of the Defendants herein, including Does 1 through 10, inclusive, is responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief. Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of the Defendants and Does 1 through 10, inclusive, are ascertained.

**JURISDICTION & VENUE:**

7.   This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

8.   Pursuant to supplemental jurisdiction, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California's Unruh Civil Rights Act, which act expressly incorporates the Americans with Disabilities Act.

9.   Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is

Complaint

founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's cause of action arose in this district.

**FACTUAL ALLEGATIONS:**

10. Napa Tire is a facility open to the public, a place of public accommodation, and a business establishment.

11. Parking spaces are one of the facilities, privileges and advantages offered by Defendants to patrons of Napa Tire.

12. Unfortunately, the parking lot serving Napa Tire is not accessible to persons with disabilities.

13. In August 2016, there were 15 parking spaces at Napa Tire.

14. In August 2016, there was 1 parking space ostensibly reserved for vans but the parking space was not compliant with the law.

15. In August 2016, although Defendants offered accessible parking spaces, they failed to maintain these accessible parking spaces in compliance with the Americans with Disabilities Act Accessibility Guidelines (ADAAG).

16. In August 2016, the van accessible parking space did not have the required "Minimum Fine $250" signage.

17. In August 2016, the van accessible parking space did not have required tow-away signage.

18. In August 2016, the van accessible parking space did not have the required "NO PARKING" lettering.

19. In August 2016, the access aisle serving the van accessible parking space did not have the required blue border.

20. In August 2016, the mandated pole or wall mounted signage with the wheelchair logo at the van accessible parking space was blocked from view by trees.

21. In August 2016, Defendants had permitted the paint in and around the

3

Complaint

space marked and reserved for persons with disabilities to fade to near oblivion.

22. In August 2016, Defendants had permitted the paint in and around the access aisle to fade to near oblivion.

23. In August 2016, Defendants had no policy or procedure in place to maintain their parking spaces so that they remained complaint and useable by persons with disabilities.

24. Currently, the parking space that used to be reserved and compliant for use by persons with disabilities is now inaccessible.

25. Currently, Defendants have no policy or procedure in place to maintain their parking space so that they remain complaint and useable by persons with disabilities.

26. Plaintiff personally encountered these problems.

27. These inaccessible conditions denied Plaintiff full and equal access and caused her difficulty and frustration.

28. Plaintiff would like to return and patronize Napa Tire but will be deterred from visiting until the defendants cure the violations.

29. Defendants have failed to maintain in working and useable conditions those features required to provide ready access to persons with disabilities.

30. The violations identified above are easily removed without much difficulty or expense. They are the types of barriers identified by the Department of Justice as presumably readily achievable to remove and, in fact, these barriers are readily achievable to remove. Moreover, there are numerous alternative accommodations that could be made to provide a greater level of access if complete removal were not achievable.

31. Additionally, on information and belief, the plaintiff alleges that the failure to remove these barriers was intentional because: (1) these particular barriers are intuitive and obvious; (2) the defendants exercised control and

Complaint

dominion over the conditions at this location and, therefore, the lack of accessible facilities was not an "accident" because, had the defendants intended any other configuration, they had the means and ability to make the change.

32. Given the obvious and blatant violation, the plaintiff alleges, on information and belief, that there are other violations and barriers on the site that relate to her disability. Plaintiff will amend the Complaint to provide proper notice regarding the scope of this lawsuit once she conducts a site inspection. However, please be on notice that the plaintiff seeks to have all barriers related to her disability remedied. See *Doran v. 7-11*, 506 F.3d 1191 (9th Cir. 2008) (holding that once a plaintiff encounters one barrier at a site, he can sue to have all barriers that relate to his disability removed regardless of whether he personally encountered them).

33. Plaintiff is and has been deterred from returning and patronizing Napa Tire because of her knowledge of the illegal barriers that exist. Plaintiff will, nonetheless, return to Napa Tire to assess ongoing compliance with the ADA and will return to patronize Napa Tire as a customer once the barriers are removed.

**I. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990** (On behalf of Plaintiff and against all Defendants.) (42  U.S.C. section 12101, et seq.)

34. Plaintiff re-pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

35. Under the ADA, it is an act of discrimination to fail to ensure that the privileges, advantages, accommodations, facilities, goods and services of any place of public accommodation is offered on a full and equal basis by anyone

Complaint

who owns, leases, or operates a place of public accommodation. See 42 U.S.C. § 12182(a). Discrimination is defined, inter alia, as follows:

    a. A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the accommodation would work a fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

    b. A failure to remove architectural barriers where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers are defined by reference to the ADAAG, found at 28 C.F.R., Part 36, Appendix "D."

    c. A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs or to ensure that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities. 42 U.S.C. § 12183(a)(2).

36. Any business that provides parking spaces must provide accessible parking spaces. 1991 Standards § 4.1.2(5); 2010 Standards § 208. To qualify as a reserved handicap parking space, the space must be properly marked and designated. Under the ADA, the method, color of marking, and length of the parking space are to be addressed by state or local laws or regulations. See 36 C.F.R., Part 1191, § 502.3.3. Under the California Building Code, to properly and effectively reserve a parking space for persons with disabilities, each such space must be identified with a reflectorized sign permanently posted adjacent

Complaint

to and visible from each stall or space. CBC § 1129B.4. The sign must consist of the International Symbol of Accessibility (♿) in white on a blue background. *Id.* It cannot be smaller than 70 square inches and must be mounted so that there is a minimum of 80 inches from the bottom of the sign to the parking space. *Id.* Signs must be posted so that they cannot be obscured by a vehicle parking in the space. *Id.* An additional sign or additional language below the symbol of accessibility must state, "Minimum Fine $250" to ensure that the space remains available for persons with disabilities. *Id.* Another sign must be posted in a conspicuous place at the entrance to the parking lot or immediately adjacent to each handicap parking space, with lettering 1 inch in height, that clearly and conspicuously warn that unauthorized vehicles parking in the handicap parking spaces can be towed at the owner's expense. *Id.* The surface of the access aisle must have a blue border. CBC § 1129B.3. The words "NO PARKING" in letters at least a foot high must be painted on the access aisle. *Id.*

37. Here, Defendants failed to post the required "Minimum Fine $250" signs, in violation of the ADA.

38. Here, Defendants failed to post the required tow-away signage, in violation of the ADA.

39. Here, there was no "NO PARKING" lettering in the access aisle, in violation of the ADA.

40. Here, defendants failed to mark the access aisle with a blue border, in violation of the ADA.

41. Here, the markings in and around the parking had faded beyond recognition, in violation of the ADA.

42. Here, the parking simply failed to comply.

43. A public accommodation must maintain in operable working condition those features of its facilities and equipment that are required to be readily accessible to and usable by persons with disabilities. 28 C.F.R. § 36.211(a).

Complaint

44. Here, the failure to ensure that the accessible facilities were available and ready to be used by the plaintiff is a violation of the law.

45. Given its location and options, Plaintiff will continue to desire to patronize the Napa Tire but she has been and will continue to be discriminated against due to the lack of accessible facilities and, therefore, seeks injunctive relief to remove the barriers.

**II. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL RIGHTS ACT** (On behalf of Plaintiff and against all Defendants.) (Cal. Civ. Code § 51-53.)

46. Plaintiff re-pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

47. Because the defendants violated the plaintiff's rights under the ADA, they also violated the Unruh Civil Rights Act and are liable for damages. (Cal. Civ. Code § 51(f), 52(a).)

48. Because the violation of the Unruh Civil Rights Act resulted in difficulty, discomfort or embarrassment for the plaintiff, the defendants are also each responsible for statutory damages, i.e., a civil penalty. (Cal. Civ. Code § 55.56(a)-(c).)

**PRAYER**:

Wherefore, Plaintiff prays that this court award damages and provide relief as follows:

1. For injunctive relief, compelling defendants to comply with the Americans with Disabilities Act and the Unruh Civil Rights Act. Note: the Plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the Disabled Persons Act at all.

Complaint

2. Damages under the Unruh Civil Rights Act, which provides for actual damages and a statutory minimum of $4,000.

3. Reasonable attorney fees, litigation expenses and costs of suit, pursuant to 42 U.S.C. § 12205; Cal. Civ. Code § 52.

Dated: August 28, 2016            CENTER FOR DISABILITY ACCESS

                                  By: _____
                                  Mark Potter, Esq.
                                  Attorneys for Plaintiff

9

Complaint